UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES OF THE NURSES AND LOCAL 813 I.B.T.
RETIREMENT PLAN,                                                Case No.

                             Plaintiff,

JOHN L. RUSSO,

                             Defendant.
------------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Nurses and Local 813 I.B.T. Retirement Plan (the "Funds") by their attorney, Arthur A. Hirschler, Esq., bring this action against Defendant John L. Russo (the "Defendant"), and allege as follows:

### I.     INTRODUCTION

1, This is an action under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") to recover a severance benefit disbursed under false pretenses and in contravention of the terms of the collective bargaining agreement (the "CBA").

2. Pursuant to ERISA §502, 29 U.S.C. § 1132, the Trustees, on behalf of the Fund, seek to recover from the Defendant the reimbursement due and owing to the Fund, as well as accrued interest, liquidated damages, and attorneys' fees and costs.

### II.    JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendant because the Defendant resides and works in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1132(e)(1) because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a).

5. Venue is proper in the Eastern District of New York pursuant to 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District and because the Defendant resides and works in this District.

## III. PARTIES

6. The Trustees are the trustees of a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to collective bargaining agreements in accordance with the Taft-Hartley Act § 302(c)(5)-(6), 29 U.S.C. § 186(c)(5)-(6); employee benefit plans within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1); and multi-employer plans within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145. The Funds are administered from 45-18 Court Square, Suite 600, Long Island City, New York 11101-4347.

7. The Trustees, bring this action in their capacities as fiduciaries of the Fund pursuant to ERISA §§ 3(21) and 502(a)(3), 29 U.S.C. §§ 1002(21) and 1132(a)(3).

8. Defendant John L. Russo is a resident of the State of New York having a principal place of residence at 136 Greenleaf Avenue, Apt. 2A, Staten Island, NY 10310.

## IV. BACKGROUND

9. Defendant was a member of Local Union No. 813, International Brotherhood of Teamsters (the "Union") and a participant in the Fund.

10. The Fund maintains a Plan of benefits (the "Plan"), which establishes the rules for how the Fund is to be administered and the manner in which benefits are provided to participants.

11. Pursuant to Section 4.2 of the Plan entitled "Conditions for Severance Benefit", a participant member who terminated his or her employment, assuming the participant has completed the required vesting service, shall be entitled to receive the severance benefit provided by the Plan.

12. Defendant was an employee of a participating employer for over 25 years.

13. Defendant notified both his employer and the Fund that he was retiring effective October 28, 2016.

14. Defendant signed a statement dated October 28, 2016 (the "Statement") affirming the termination of his employment with his employer and his withdrawal from the Union.

15. In the Statement, Defendant also acknowledged that per the rules of the Plan, he was required to notify the Fund of any subsequent employment and that a suspension of benefits would be warranted if the employment was disqualifying under the rules of the Plan.

16. On November 8, 2016, Defendant completed a form requesting a one-time, lump sum payment for severance benefits from the Fund to which he was entitled to under the Plan.

17. On November 14, 2016, the Fund authorized a one-time payment of $50,793.48 to Defendant to be disbursed on December 1, 2016.

18. On November 19, 2016, The Fund received confirmation from a representative of Defendant's former employer that he was terminated on October, 28, 2016.

19. On December 1, 2016, Defendant received a distribution of his severance benefit from the Fund in the amount of $50,793.48.

20. Subsequent to this distribution, the Fund became aware that Defendant was employed by Sinai Chapels, an employer both in the same industry and within the same geographic region as his former employer, at the time of the distribution in contravention of the terms of the Plan regarding retirement benefits.

21. On January 9, 2017, the Fund contacted Defendant notifying him that he either had to provide documentation that he was not employed by this employer and/or his former employer at the time of the distribution or reimburse the severance benefit he had received on December 1, 2016.

22. Having received no response from Defendant, the Fund contacted Defendant again on March 13, 2017, demanding the immediate return of the severance benefit paid to him given the he was employed and working in the industry he had claimed to be retired from.

23. Having received no response to prior correspondence with Defendant regarding this matter, the Fund again contacted Defendant on July 5, 2017 notifying him that the matter had been transferred to the Fund's Collections Department.

24. The Fund was in contact with Defendant via telephone and via email several times during July 2017.

25. In an email dated July 19, 2017, Defendant admitted to seeking further employment after he had notified the Fund of his retirement and applied for the benefit payment from the Fund.

26. The Fund attempted to contact Defendant again regarding this matter via phone on September 13, 2017 and via email on September 15, 2017

4

27. To date, Defendant has neither provided the requested information regarding his employment nor reimbursed the Fund for the $50,793.48 benefit payment distributed on December 1, 2016.

## COUNT I

### ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

28. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

29. ERISA § 515(a)(3), 29 U.S.C. § 1132(a)(3) empowers a fiduciary to bring a civil action against a non-fiduciary to enjoin any act which violates the terms of a plan or to obtain other appropriate equitable relief to address such violations.

30. Plaintiffs, as Trustees, are fiduciaries to the Fund administering the Plan.

31. Section 4.2 of the Plan conditions payment of severance benefits on a participant having terminated his or her employment.

32. Defendant was employed at the time he received his severance benefit.

33. Defendant knowingly contributed to a violation of the terms of the Plan by falsely stating the facts regarding the termination of his employment and requesting a benefit distribution that violated the terms of the Plan.

34. Plaintiffs demand judgment against the Defendant for a $50,793.48 reimbursement due to the Fund, as well as statutorily prescribed interest, liquidated damages, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Breach of Contract

35. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

36. Upon information and belief, the Defendant is in breach of his obligations under the Plan to provide the Fund with official documentation regarding his current employment status and/or return a benefit distribution that violates the Plan and ERISA.

37. Furthermore, Defendant upon his retirement signed the Statement agreeing to notify the Fund immediately upon his return to any type of employment and to supply whatever information the Fund requires to determine his continuing eligibility for benefits.

38. Defendant is in breach of his obligations contained in the Statement and the Plan.

39. Plaintiffs demand judgment against the Defendant for a $50,793.48 reimbursement due to the Fund, as well as statutorily prescribed interest, liquidated damages, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Common Law Fraud

40. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

41. Upon information and belief, Defendant engaged in fraudulent concealment by not disclosing his current employment status.

42. Upon information and belief, Defendant engaged in fraudulent inducement by misstating facts regarding his current employment status causing the Fund to distribute to him a benefit payment in violation of the Plan.

43. Plaintiffs demand judgment against the Defendant for a $50,793.48 reimbursement due to the Fund, as well as statutorily prescribed interest, liquidated damages, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

Dated: January 5, 2023
    Broad Channel, NY

                                        Arthur A. Hirschler, Esq.
                                        Attorney for Plaintiff
                                        16 East 7th Road
                                        Broad Channel, NY 11693
                                        516-220-4193
                                        Ahirschler@hirschlerlaw.org

                                        Arthur A. Hirschler, Esq. (5344)